**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| Jean Emmanuel Rodriguez, | : : : : : : : : : : : | Civ. Action No. 14-6290 (RMB)<br><br>**OPINION** |
| Plaintiff, |
| v. |
| John J. Miller, et al. |
| Defendants. |

APPEARANCES:

Jean Emmanuel Rodriguez
100 New Road
Apt. F3
Somers Point, NJ 08244
    Plaintiff pro se

Thomas B. Reynolds, Esq.
Reynolds & Horn, P.C.
750 Route 73 South
Suite 202A
Marlton, New Jersey 08053
    Counsel for Defendants Detective John J. Miller, Detective Sargeant John G. Barbieri, Patrolman Shawn G. McKelvey, and Patrolman Mark G. McElwee, Jr.

**BUMB**, District Judge

    This matter comes before this Court upon the motion for summary judgment of Defendants John J. Miller, John G. Barbieri, Shawn G. McKelvey and Mark G. McElwee, Jr. [Mot. for S.J., ECF

1

No. 24.][1] Plaintiff Jean Emmanuel Rodriguez filed this action in Atlantic County Superior Court on September 10, 2014. (Compl., ECF. No. 1-1 at 3-5.) Defendants removed the action to this Court on October 9, 2014. (Notice of Removal, ECF No. 1 at 2.)[2]

Discovery was conducted. Defendants brought the present motion for summary judgment on October 9, 2015. Plaintiff opposed the motion on the basis that he needed additional discovery to respond. (Response to S.J. Mot. ("Pl's Resp.") ECF No. 26.) Defendants filed a reply. [Brief in Supp. of Reply to Response to Mot. for S.J. ("Def's Reply"), ECF No. 27.)

This Court has considered the pleadings, motions, briefs and supporting documents, and will decide the motion on the papers, pursuant to Federal Rule of Civil Procedure 78(b). For

---

[1] Defendant S.T. has not been served. A summons was reissued on December 10, 2015, but has not been returned as executed. (ECF No. 31.) Because the Complaint was initially removed and filed in this Court on October 9, 2014, it is well beyond the 120 day period for service of the Complaint under Federal Rule of Civil Procedure 4(m), in effect at the time the Complaint was filed. Therefore, the Court will dismiss the claims against S.T. without prejudice pursuant to Fed.R.Civ.P. 4(m).

[2] Prior to filing the present complaint in the Atlantic County Superior Court in New Jersey, Plaintiff filed a similar civil rights complaint in this Court on October 17, 2013. See Rodriguez v. Thews, 13cv6178(RMB) (D.N.J.) The case was administratively terminated when Plaintiff could not be contacted and did not provide the Court with his forwarding address. (ECF No. 10.)

Plaintiff filed another nearly identical Complaint in this Court on December 2, 2013. Rodriguez v. Thews(RMB), 13cv7217 (D.N.J.) The case was terminated on June 27, 2014, because it was duplicative of Civil Action No. 13-6178. Id., ECF No. 2.

2

the reasons explained below, the Court will grant Defendants' motion for summary judgment

I. BACKGROUND

In his Complaint, Plaintiff alleged the following. On August 12, 2013, Defendants:

> Conceived of a false statement(s) to have Plaintiff incarcerated on false allegation of burglary. The five defendants created events that did not occur and pressed criminal charges they knew to be false. The defendants conspired to operate under color of law to deny Plaintiff of State and Federal Constitutional Rights.
>
> Defamation. They created a lie to portray me as a scoundrel. They told their lie in order to convict me of a crime I did not commit.
>
> False imprisonment. Their actions took 18 months of my life. Their actions put me in a vile place where I was deprived of my civil rights.
>
> Psychological/Emotional, Social Distress. The actions of John J. Miller, Shawn McKelvey, John G. Barbieri, Mark G. McElwee, Jr. and S.T. has created hatred, mistrust, and apathy within my being. I feel that corruption is everywhere and my optimism is gone.

(ECF No. 1-1 at 3-4.)

In support of their motion for summary judgment, Defendants submitted a Statement of Material Facts with attached exhibits. (ECF No. 24-4.) In summary, Plaintiff was arrested by officers of the Somers Point Police Department on August 12, 2013. (Id., ¶9, and Arrest Report, Ex. C.) Patrolman Mark G. McElwee, Jr.

3

wrote the arrest report, indicating that he responded to a dispatch call about a subject trying to gain entry into an apartment. (Id., ¶10, Ex. C.) The Patrol spoke to the victim, located the accused, who was highly intoxicated, and took the accused into custody. (Id.) As a result of the incident, Plaintiff was charged with Criminal Attempt, N.J.S.A. 2C:5-1a(1); Burglary, N.J.S.A. 2C:18-2; and Disorderly Conduct, N.J.S.A. 2C:33-2 under Criminal Warrant W-2013-000569. (Id., ¶12, Ex. C.)

Patrolman Shawn G. McKelvey, who also responded to the dispatch call, wrote an Investigation Report on August 12, 2013. (Id., ¶13, Ex. C.) He interviewed the victim, who stated that the accused asked to enter her apartment, and when she refused, he tried to push his way in. (Id., ¶¶14-15, Ex. C.) The victim identified the accused before he was taken into custody. (Id. ¶16, Ex. C.)

Detective Sergeant John Barbieri wrote a Supplementary Investigation Report on August 12, 2013. (Id., ¶17, Ex. C.) Detective John Miller contacted Barbieri about the case, and asked him to interview the victim at the station later in the day on August 12, 2013. (Id.) Barbieri conducted the interview. (Id.) The victim said the accused had approached her while she was on her back porch with a friend earlier that night. (Id., ¶18.) After she left her apartment to take her friend home and

4

returned, Plaintiff knocked on her door and asked to be let in. (Id., ¶ 19.) She refused and tried to close the door, but he attempted to push his way in. (Id.) She was able to secure the door using the chain lock. (Id., ¶20, Ex. C.) The accused remained outside her apartment, peering through the front window. (Id.) She then contacted the police. (Id.)

When Plaintiff was arrested by the patrol, he was charged by summons complaint for Disorderly Conduct. (Id., ¶21, Ex. C.) Court Administrator Margy Wismer authorized a warrant after the victim was interviewed. (Id.) Detective Barbieri contacted Judge Howard Freed, who set bail at $25,000.00 (Id.)

Detective John J. Miller wrote a Supplementary Investigation Report. (Id., ¶22, Ex. C.) He was the detective on call, and was contacted by Sergeant Denan about the incident leading to Plaintiff's arrest. (Id.) The victim gave Sergeant Denan a voluntary statement at the scene and wished to give a taped statement later in the morning. (Id., ¶23, Ex. C.) The accused was too intoxicated to interview at the scene. (Id.) Miller requested that Barbieri complete the statements and prepare the complaints for the matter. (Id. ¶24, Ex. C.)

Plaintiff appeared before Judge DeLury on a Superseding Indictment on January 15, 2014. (Id., ¶25, Transcript of Arraignment, Motion and Retraxit Plea, Ex. D.) The prosecutor offered to accept a plea to fourth degree criminal trespass.

5

(Id., ¶26, Ex. D at 3:12-23.) Plaintiff stated that he would not admit to breaching the victim's doorway. (Id., ¶29, Ex. D at 14:24 to 16:11.) He agreed that he entered the victim's porch, and the Judge responded that if Plaintiff was in "the facility," he would accept a plea for criminal trespass. (Id.) The Public Defender indicated that Plaintiff would plead guilty to fourth degree criminal trespass, and that the Court had represented it would impose an 18-month suspended imposition of sentence. (Id., ¶30.)

   Plaintiff engaged in a plea allocution. He admitted that he did not have permission to enter the porch of the victim's apartment. (Id., ¶35, Ex. D at 27:16-18.) Plaintiff agreed that his behavior was unlawful, and the Judge accepted his plea. (Id., ¶¶36-37, Ex. D at 27:16-18 and 28:14-16.) Plaintiff was released and returned for sentencing on February 21, 2014. (Id., ¶¶38-39.)

   In support of their motion for summary judgment, Defendants assert there is no genuine issue of material fact that the Complaint is barred by the Heck doctrine and the doctrine of claim preclusion, qualified immunity and state law immunities, and that there are no facts upon which a reasonable jury could hold Defendants liable. (Brief in Supp. of Mot. for S.J. ("Def's Brief"), ECF No. 24-5 at 7.) In response, Plaintiff argued that he needed additional discovery to respond to the summary

6

judgment motion. (Pl's Resp., ECF No. 26.) He sought the grand jury transcript to show the "inconsistency of the reports, the voluntary statement, the interview, and the charges filed." (Id.) He also sought to locate a witness, and to serve the remaining defendant, S.T. (Id.)

Plaintiff relied on the video statement of S.T. to show that "Sgt. Barbieri was not in charge of the Somers Point police at the time of the interview." (Id.) He asserted that S.T. completed a voluntary statement, not a complaint, which was not within the personal knowledge of Sgt. John. J. Miller. (Id.) Near the end of the video statement, S.T. said she was told by an officer that Plaintiff kicked in someone's door and there were more victims. (Id.) Plaintiff requested discovery of S.T.'s dispatch call and a video of the holding cell where Plaintiff was kept for twelve hours. (Id.) Plaintiff also wanted to know which officer told S.T. that Plaintiff kicked in someone's door, and the names of the other victims. (Id.)

In response, Defendants noted that Plaintiff's opposition was untimely and he did not show good cause based on his expectation that he would present his case at oral argument. (ECF No. 27 at 3.) Additionally, Defendants asserted that if Plaintiff wanted to show that additional discovery was necessary to respond to the summary judgment motion, he failed to provide the required affidavit, pursuant to Federal Rule of Civil

7

Procedure 56(f), explaining how the evidence sought would preclude summary judgment. (Id.) Even accepting Plaintiff's explanation of why he needed additional discovery, Defendants assert none of the evidence sought would establish an essential fact precluding summary judgment. (Id. at 4.)

Defendants also refute Plaintiff's assertion that Sergeant Barbieri was not in charge of Somers Point police station at the time of S.T.'s interview. In any event, Defendants submitted evidence that a warrant was authorized by Court Administrator Margy Wismer, not Sergeant Barbieri. (Id. at 4, citing Exhibit C.) Therefore, Wismer was the person who placed Officer McKelvey under oath for purposes of preparing the warrant. (Id. at 4-5.)

Finally, Defendants contend the victim's statement was sufficient to support a finding of probable cause. (Id. at 5.) S.T.'s statement that an officer had told her Plaintiff kicked someone's door does not detract from her statement concerning the crime, which Plaintiff admitted to in his guilty plea. (Id. at 5.)

The Court will consider Plaintiff's untimely opposition to Defendant's motion for summary judgment. However, the Court finds that none of the evidence sought or assertions made in Plaintiff's opposition would establish an essential fact to preclude summary judgment, for the reasons described in the analysis below.

III. DISCUSSION

    A.   <u>Summary Judgment Standard</u>

Summary Judgment is proper where the moving party "shows there is no genuine dispute as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Abraham v. Raso</u>, 183 F.3d 279, 287 (3d Cir. 1999). The moving party has the burden to show there is an absence of evidence to support the nonmoving party's case. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).

A party asserting that a fact is genuinely disputed must support the assertion by citing materials in the record, including depositions, documents, affidavits or declarations or other materials. Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be based on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "If a party fails to properly support an assertion of fact . . . the court may . . . grant summary judgment . . ." Fed. R. Civ. P. 56(e).

In determining whether there is a genuine dispute of a material fact, the court must view the facts in the light most favorable to the non-moving party and make all reasonable inferences from those facts. <u>Matsushita Elec. Indus. Co. Ltd. v.</u>

9

Zenith Radio Corp., 475 U.S. 574, 587 (1986). A fact raises a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

    B.   Heck v. Humphrey

Defendants contend the Complaint is barred by the doctrine of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Heck, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

(Def's Brief, ECF No. 24-5 at 8.) This doctrine rests on the principle that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Wallace v Kato, 549 U.S. 384, 392 (2007) (quoting Heck, 512 U.S. at 486.)

The Heck-bar applies "even if the door to federal habeas is shut and regardless of the reason why . . ." Deemer v. Beard, 557 F. App'x 162, 167 (3d Cir. 2014). Dismissal under Heck "should be without prejudice" because a § 1983 claim based on an

allegedly unconstitutional conviction or sentence does not accrue until the invalidation of the conviction or sentence. Brown v. City of Philadelphia, 339 F. App'x 143, 145 (3d Cir. 2009) (quoting Fottler v. United States, 73 F.3d 1064, 1065-66 (10th Cir. 1996)).

In support of summary judgment on the Heck-bar, Defendants submit that Plaintiff pled guilty to fourth degree criminal trespass on January 15, 2014. (Def's Brief, ECF No. 24-5 at 7-8.) Plaintiff did not respond to Defendants' argument that the Complaint is Heck-barred. Significantly, Plaintiff did not provide evidence that his conviction or sentence for criminal trespass has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.

Liberally construing Plaintiff's Complaint, the Court finds that the Complaint contains claims for false arrest and false imprisonment under 42 U.S.C. § 1983,[3] arising under the Fourth

---

[3] 42 U.S.C. § 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injury in an action at law,

11

Amendment right to be free from unlawful seizure; and violation of the similar provision in Article I, ¶7 of the New Jersey Constitution; malicious prosecution; conspiracy under 42 U.S.C. §§ 1985, 1986; and defamation under New Jersey law. This Court finds, as discussed below, that each of Plaintiff's federal claims, if proven, would render Plaintiff's conviction and sentence for criminal trespass invalid.

Fourth Amendment claims for false arrest and false imprisonment require the plaintiff to prove the arrest was made without probable cause. James v. City of Wilkes-Barre, 700 F.3d 675, 682-83 (3d Cir. 2012). In his Complaint, Plaintiff asserts that Defendants lied about the victim's statements concerning Plaintiff's behavior on August 12, 2013, or they coerced the victim into making false statements so they could prosecute him. If Plaintiff proved the victim's statements were untrue, his conviction for criminal trespass would be invalid. See Wells v. King, 232 F. App'x 148, 149 (3d Cir. 2007) (the success of a false imprisonment claim may not necessarily invalidate a conviction, but if "review of the complaint reveals that the actual claim . . . is the challenge to his conviction" the claim is Heck-barred); Wallace v. Kato, 549 U.S. 384, 394 (2007) ("if the plaintiff [who brings a false arrest claim] is ultimately

---

>suit in equity, or other proper proceeding for redress . . .

convicted, and if the . . . civil suit would impugn that conviction, Heck will require dismissal . . . .")

Plaintiff's federal malicious prosecution claim is likewise barred by Heck. To establish a malicious prosecution claim under § 1983, a Plaintiff must prove (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of a seizure as a consequence of the legal proceeding. Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009). As with false arrest and false imprisonment, Plaintiff's malicious prosecution claim is Heck-barred because if he proved Defendants had no probable cause to arrest him because they lied about or coerced the victim's false statements, his conviction for Criminal Trespass would be invalid. See Marable v. West Pottsgrove Tp., 176 F. App'x 275, 281 (3d Cir. 2006) (false arrest and malicious prosecution claims would necessarily imply state court conviction and sentence were invalid because the claims would require a finding that the plaintiff was unlawfully arrested, and the state proceedings ended favorably to the plaintiff).

Plaintiff also alleged Defendants conspired to falsely arrest, imprison and prosecute him, which this Court construes as conspiracy claims under 42 U.S.C. §§ 1985[4] and 1986.[5] When conspiracy claims under §§ 1985 and 1986 are based on Heck-barred claims that defendants conspired to bring false charges, the conspiracy claims are also barred by Heck. Zhai v. Cedar Grove Municipality, 183 F. App'x 253, 255 (3d Cir. 2006).

Therefore, the Court will dismiss Plaintiff's §§ 1983, 1985 and 1986 claims without prejudice because they are barred by the Heck doctrine. Because Heck does not explicitly apply to state law claims, the Court will address Defendants' alternative bases for summary judgment on Plaintiff's state law claims.

### C.  False Arrest and False Imprisonment under New Jersey Constitution

Defendants contend that false arrest and false imprisonment claims under the New Jersey Constitution require proof that the plaintiff was arrested without probable cause. (Def's Brief, ECF No. 24-5 at 13.) Defendants assert there is no genuine issue of material fact that the Defendants had probable cause to arrest Plaintiff based on the victim's statement on the scene. (Id. at 14.)

---

[4] 42 U.S.C. § 1985 creates liability for certain conspiracies to interfere with civil rights.

[5] 42 U.S.C. § 1986 creates liability for neglecting to prevent conspiracies to interfere with civil rights.

False arrest and false imprisonment claims under the New Jersey Constitution are analyzed under the same standard as § 1983 claims. See Hedge v. Musco, 204 F.3d 109, 121 n. 12 (3d Cir. 2000) ("[having established that there was no federal constitutional violation, defendants must also prevail on plaintiffs' claims under Article I, paragraph 7 of the New Jersey Constitution") (citing Desilets v. Clearview Regional Bd. of Educ., 265 N.J. Super. 370, 382 (N.J. Super. Ct. App. Div. 1993)) ("the New Jersey Supreme Court analyzed the search and seizure issue under the Fourth Amendment to the United States Constitution and did not suggest that New Jersey's organic law imposed more stringent standards.")

Defendants are not liable for false arrest if "'[p]robable cause . . . exist[ed] as to *any offense that could be charged under the circumstances*.'" Johnson v. Knorr, 477 F.3d 75, 84-85 (3d Cir. 2007) (quoting Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994)) (emphasis added); see Lucia v. Carroll, Civ. Action No. 12-3787(SDW), 2014 WL 1767527, at *3-5 (D.N.J. May 2, 2014) (granting summary judgment on U.S. and N.J. constitutional claims of false arrest and malicious prosecution on grounds that officer had probable cause to arrest.)

The undisputed record evidence shows the victim, S.T., told the patrol officers at the scene that after she refused to let Plaintiff enter her apartment, he tried to push his way in while

15

she attempted to close the door. (Arrest and Investigation Reports, ECF No. 24-9.) S.T.'s on-scene statement provided probable cause to arrest Plaintiff for Disorderly Conduct, the charge upon his arrest. (Id.)

N.J.S.A. 2C:33-2 Disorderly Conduct provides:

> a. Improper behavior. A person is guilty of a petty disorderly offense, if with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof he
>
> (1) Engages in fighting or threatening, or in violent or tumultuous behavior
>
> . . .

Defendants had probable cause to believe, based on the victim's statement, that Plaintiff's purpose was to cause public alarm, or recklessly created a risk thereof, by engaging in the threatening behavior of trying to enter the victim's apartment against her will.

Furthermore, under the Superseding Indictment, Plaintiff pled guilty to fourth degree Criminal Trespass. (Statement of Material Facts, ECF No. 24-4, ¶¶25, 26, Ex. D, ECF No. 24-10.) Criminal Trespass is defined in N.J.S.A. 2C:18-3(a) (effective January 17, 2010 through August 13, 2013):

> Unlicensed entry of structures. A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or surreptitiously remains in any research facility, structure, or separately secured or occupied portion thereof, or in

16

> or upon utility company property . . . The
> offense is a crime of the fourth degree if
> it is committed in a dwelling.

S.T.'s on-scene statement provided Defendants with sufficient probable cause to arrest and prosecute Plaintiff for Criminal Trespass in the fourth degree because Plaintiff, knowing he did not have permission to enter S.T.'s property, occupied her porch and attempted to gain entrance through her front door. Plaintiff pled guilty to this offense, although he would not admit breaching the doorway. Therefore, Defendants are entitled to summary judgment on Plaintiff's false arrest and false imprisonment claims under the New Jersey Constitution.[6]

C.  Malicious Prosecution under New Jersey Law

The Court construes the Complaint to allege a claim of malicious prosecution under New Jersey law. See Peper v. Princeton Univ. Bd. of Trustees, 77 N.J. 55, 76-80 (1978) ("The New Jersey Supreme Court has held that the Constitution of the State of New Jersey may provide a private cause of action premised upon alleged violations of the State Constitution"). Under New Jersey law, "[m]alicious prosecution requires the plaintiff to prove four elements: (1) a criminal action was

---

[6] Although Heck-barred § 1983 claims are not cognizable and the Court does not reach the merits of Plaintiff's federal claims, see Heck, 512 U.S. at 487, the same analysis would apply to the merits of Plaintiff's federal claims of false arrest and false imprisonment.

instituted by this defendant against this plaintiff; (2) the action was motivated by malice; (3) there was an absence of probable cause to prosecute; (4) and the action was terminated favorably to the plaintiff." LoBiondo v. Schwartz, 199 N.J. 62, 89 (2009). The absence of any one element is fatal to the claim. Id.

The essence of a malicious prosecution claim under New Jersey law is lack of probable cause, and the burden of proof rests on the plaintiff. Lind v. Schmid, 67 N.J. 255, 262-63 (1975). "The plaintiff must demonstrate that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinarily prudent individual in believing that an offense has been committed." Id. As discussed above, based on the undisputed record evidence Defendants had probable to cause arrest Plaintiff for Disorderly Conduct and Criminal Trespass at the time of his arrest. Therefore, Plaintiff cannot meet the elements of a malicious prosecution claim, and Defendants are entitled to summary judgment.

    D.   New Jersey Tort Claims Act

Plaintiff alleged a state law defamation claim.[7] In New Jersey, defamation claims fall under the New Jersey Tort Claims

---

[7] It is possible that Plaintiff's allegation of psychological, emotional and social distress was an attempt to state a personal injury claim for intentional infliction of emotional and psychological distress under New Jersey law. The notice

18

Act. See e.g., Brown v. Township of Neptune, Civ. Action No. 11-7162(FLW), 2014 WL 3517776, at *7 (D.N.J. July 15, 2014). The New Jersey Tort Claims Act, N.J.S.A. 59:8-8 provides in relevant part:

> A claim relating to a cause of action for death or injury or damage to person or to property shall be presented as provided in this chapter not later than the 90th day after accrual of the cause of action. After the expiration of six months from the date of notice of claim is received, the claimant may file suit in an appropriate court of law. The claimant shall be forever barred from recovering against a public entity or public employee if:
>
> a. The claimant failed to file the claim with the public entity within 90 days of accrual of the claim except as otherwise provided in N.J.S. 59:8-9 . . .

Under limited circumstances, a claimant who fails to file the notice within 90 days may, at the discretion of a judge of the Superior Court, be permitted to file the notice at any time within one year after the accrual of the claim, if the public employee has not been substantially prejudiced. N.J.S.A. 59:8-9.

Defendants assert that Plaintiff failed to serve notice of his tort claim(s) on Somers Point, the public entity employing

---

requirement of the New Jersey Tort Claims Act applies to common law intentional tort claims as well as negligence claims. Ptaszynski v. Uwaneme, 371 N.J. Super. 333, 343 (N.J. Super. Ct. App. Div. 2004). Assuming that Plaintiff intended to allege such a claim, it is also barred by his failure to file a notice of claim under the New Jersey Tort Claims Act.

Defendants. Plaintiff does not dispute this assertion. The incident giving rise to the claims occurred on or about August 12, 2013, and more than two years have passed without Plaintiff filing a notice of tort claim or seeking permission to file a late notice. Therefore, Plaintiff's defamation claim is barred under the New Jersey Tort Claims Act. See Brown, 2014 WL 3517776, at *7 (barring defamation claim where plaintiff failed to submit a tort claim notice to the defendants.)

IV. CONCLUSION

For the reasons discussed above, in the accompanying Opinion filed herewith, the Court will dismiss Plaintiff's federal claims without prejudice as Heck-barred and will grant summary judgment to Defendants on Plaintiff's state law claims.

                                                  s/Renée Marie Bumb
                                                  Renée Marie Bumb
                                                  United States District Judge

Dated: January 29, 2016